FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2018 MAY 14 P 3:29

WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILL OF INFORMATION FOR CONSPIRACY TO COMMIT BANK FRAUD AND
NOTICE OF BANK FRAUD FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 18-99 |
| v. | * | SECTION: SECT. B MAG. 1 |
| JEFFREY DUNLAP | * | VIOLATION: 18 U.S.C. § 1349 |
| | * | |

\* \* \*

The United States Attorney charges that:

### COUNT 1 – Conspiracy to Commit Bank Fraud

A. **AT ALL MATERIAL TIMES HEREIN:**

1. First NBC Bank was a financial institution, as defined in Title 18, United States Code, Section 20, and a member of the Federal Deposit Insurance Corporation ("FDIC") with federally insured deposit accounts.

2. First NBC Bank was established in or about 2006, with its headquarters in New Orleans, Louisiana, which was within the Eastern District of Louisiana, and branch offices in Louisiana, Mississippi, and Florida.

3.  First NBC Bank was the wholly-owned subsidiary of First NBC Holding Company. Bank President A was a founder of First NBC Bank and acted as its president and Chief Executive Officer from on or about May 2006, until on or about December 2016.

4.  In or around May 2013, First NBC Holding Company became a publicly-traded company listed on the NASDAQ.

5.  On or about April 28, 2017, First NBC Bank was closed by the Louisiana Office of Financial Institutions. The FDIC was named Receiver.

6.  Company A was a company owned by Bank President A and Business Owner B.

7.  Company A owned approximately 100 acres of land in St. Tammany Parish, Louisiana. Bank President A and Business Owner B planned to develop this property.

8.  Phoenix Civil Contractors, LLC ("PCC") was a construction company located in Slidell, Louisiana, which was within the Eastern District of Louisiana.

9.  The defendant, **JEFFREY DUNLAP**, was a contractor, and an owner and founder of PCC.

10.  From in or around approximately March 2009, through April 2017, PCC and **JEFFREY DUNLAP** had a banking relationship with First NBC Bank.

11.  From in or around approximately July 2009, through in or around September 2016, Bank President A acted as the loan officer for PCC and **JEFFREY DUNLAP**. Bank President A reviewed and approved new loans, lines of credit, and advances or incremental increases for PCC and **JEFFREY DUNLAP**. After Bank President A stopped acting as loan officer for **JEFFREY DUNLAP** and PCC, he continued to exercise approval authority on their loans and lines of credit through in or around November 2016.

12. PCC's largest loan was a revolving line of credit with an account number ending in 9321 ("the LOC"). The LOC was secured, in part, by PCC's accounts receivable. The LOC's borrowing base was calculated as eighty-percent of PCC's eligible accounts receivable.

13. PCC and the defendant, **JEFFREY DUNLAP**, had an obligation to provide accurate accounts receivable statements prior to any advances, renewals, or increases on the LOC. When **JEFFREY DUNLAP** and PCC submitted financial statements and accounts receivable for PCC to support advances, renewals, or increases on the LOC, Bank President A caused these supporting documents to be placed into First NBC Bank's records.

14. From in or around approximately July 2009, through November 2016, PCC listed Company A on its accounts receivable statements submitted to First NBC Bank, as collateral securing the LOC.

15. By the time First NBC Bank failed in late April 2017, the balance on the LOC was approximately $22 million.

**B.** **CONSPIRACY TO COMMIT BANK FRAUD:**

From in or around July 2009, through in and around December 2016, in the Eastern District of Louisiana and elsewhere, the defendant, **JEFFREY DUNLAP**, and others known and unknown to the United States Attorney did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States of America, that is: to knowingly and with intent to defraud, execute and attempt to execute a scheme and artifice to defraud First NBC Bank, a financial institution, and to obtain any of the moneys, funds, credits, and assets, owned by, and under the custody or control of First NBC Bank, by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Section 1344.

C.  **THE PURPOSE OF THE CONSPIRACY:**

The purpose of the conspiracy was for the defendant, **JEFFREY DUNLAP**, Bank President A, and others to unjustly enrich themselves, disguise the true financial status of PCC, and conceal the accurate performance of the LOC. The defendant, **JEFFREY DUNLAP**, Bank President A, and others sought to fraudulently obtain money from First NBC Bank, in part, so that Bank President A and Owner B could continue using PCC on projects involving Company A. As a result, Bank President A and Owner B would not have to use their own funds to pay PCC for work involving Company A.

D.  **MANNER AND MEANS OF THE CONSPIRACY:**

The manner and means by which the defendant, **JEFFREY DUNLAP**, and others sought to accomplish the purpose of the conspiracy included the following:

1. The defendant, **JEFFREY DUNLAP**, Bank President A, and others provided First NBC Bank with materially false and fraudulent documents and financial statements, which, among other things, overstated the value of PCC's accounts receivable.

2. The materially false and fraudulent financial statements, accounts receivable, and other documents disguised PCC's true financial condition from First NBC Bank, bank regulators, investors, and others.

3. In or around March 2009, the defendant, **JEFFREY DUNLAP**, Bank President A, and others discussed that the defendant would perform construction services for Company A.

4. In or around July 2009, Bank President A agreed to lend funds to PCC through the LOC issued by First NBC Bank.

5. Between 2009 and November 2016, **JEFFREY DUNLAP** and Bank President A, periodically discussed falsely inflating PCC's accounts receivable to justify incremental

4

increases in the LOC. In these conversations, Bank President A instructed the defendant to falsely inflate his accounts receivable in order to increase the borrowing base of the LOC. In these conversations, Bank President A falsely assured **JEFFREY DUNLAP** that PCC's obligations on the LOC would be resolved when Company A completed and sold the 100-acre subdivision in St. Tammany Parish at a profit.

6.  On or about January 31, 2012, for the purposes of fraudulently securing an advance on the LOC, the defendant, **JEFFREY DUNLAP**, emailed Bank President A's assistant "Up to date receivables" for PCC totaling approximately $5.7 million. The list of accounts receivable included false and inflated values. The list also included amounts owed by Company A to PCC.

7.  Less than three hours later, at the direction of Bank President A, the defendant, **JEFFREY DUNLAP**, sent a revised document that further falsely increased PCC's accounts receivable by approximately $559,000. That same day, Bank President A, knowing that accounts receivable on the list were false, approved a Loan Advance Request on the LOC, causing First NBC Bank to deposit $175,160 in proceeds into PCC's depository account at First NBC Bank.

8.  On or about June 26, 2015, for the purposes of fraudulently receiving an advance on the LOC, the defendant, **JEFFREY DUNLAP**, sent a list of receivables by email to Bank President A's assistant. The list of accounts receivable included false and inflated values. The list also included amounts owed by Company A to PCC.

9.  On or about June 29, 2015, at the direction of Bank President A, the defendant, **JEFFREY DUNLAP**, sent a revised list of receivables to Bank President A's assistant. The receivables reported in this list were falsely inflated by approximately $830,000. On or about June 30, 2015, Bank President A, knowing the receivables were false, approved the advance on the LOC, causing First NBC Bank to deposit $804,000 in loan proceeds into PCC's

depository account at First NBC Bank.

10. On or about January 27, 2016, the defendant, **JEFFREY DUNLAP**, submitted a false and fraudulent financial statement and an inflated list of accounts receivable to First NBC Bank in order to fraudulently induce First NBC Bank to increase the LOC by approximately $1 million. On or about January 27, 2016, Bank President A approved a $1 million advance on the LOC, when he was fully aware the PCC financial statement and the accounts receivable supporting the increase were false.

11. Between on or about January 29, 2016 and on or about February 19, 2016, First NBC Bank deposited approximately $1,038,000 in PCC's depository account at First NBC Bank, based in part on the false representations of PCC's accounts receivable.

12. Based on the false and fraudulent accounts receivable and financial statements caused by **JEFFREY DUNLAP** and Bank President A, by April 28, 2017, First NBC Bank had advanced more than $22 million on the LOC to PCC.

All in violation of Title 18, United States Code, Section 1349.

## BANK FRAUD FORFEITURE

1. The allegations contained in Count 1 of this Bill of Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count 1 of this Bill of Information, the defendant, **JEFFREY DUNLAP**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

3. If any of the property described above, as a result of any act or omission

of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

DUANE A. EVANS  
UNITED STATES ATTORNEY

_____  
SHARAN LIEBERMAN  
Assistant United States Attorney

_____  
HAYDEN M. BROCKETT  
Assistant United States Attorney

New Orleans, Louisiana  
May 14, 2018

No. _____

# United States District Court

## FOR THE

### EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

JEFFREY DUNLAP

BILL OF INFORMATION
FOR CONSPIRACY TO
COMMIT BANK FRAUD

Violation(s): 18 U.S.C. § 1349

Filed _____, 20 18

_____, Clerk.

By _____, Deputy

*Assistant United States Attorney*
SHARAN E. LIEBERMAN